FILED IN CHAMBERS
U.S.D.C. Atlanta

MAY 01 2006

LUTHER D. THOMAS, Clerk
By: [signature] Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HUGH LUCAS,<br>Inmate # GDC 526555,<br>    Petitioner, | :: <br> :: <br> :: <br> :: | CIVIL ACTION NO.<br>1:06-CV-0671-RLV |
| v. | :: <br> :: | |
| JAMES E. DONALD, Commissioner,<br>SUSAN ROBERSON, Computation<br>Manager, Georgia Department of<br>Corrections,<br>    Respondents. | :: <br> :: <br> :: <br> :: <br> :: | MANDAMUS<br>28 U.S.C. § 1361 |

## ORDER

Petitioner, an inmate at the Augusta State Medical Prison in Grovetown, Georgia, has filed the instant <u>pro se</u> action. For the purpose of dismissal only, leave to proceed <u>in forma pauperis</u> is hereby **GRANTED**. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

## 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the

face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989).

Petitioner sues two officials at the Georgia Department of Corrections, alleging that they have denied him credit for the time he "served" while under "house arrest," from January 12, 1993, when he was released from jail but ordered to remain confined to his place of residence, with certain limited exceptions, until December 29, 1993, when, apparently, he began to serve his current life sentence in state prison. [Doc. 1 at 2, 4, attachs.] See www.dcor.state.ga.us at "Inmate Query" for GDC ID Number 526555. Petitioner has styled his pleading as an Application for Appellate Review of the state courts' denial of his petition for a writ of mandamus. [Doc. 1 at 1.] He claims that Respondents owe him a clear duty under O.C.G.A. §§ 17-10-11 and 17-10-12 to credit him with the time he served under house arrest. He asserts that he has a "property interest" in receiving this credit. [Id. at 3-8.]

"Mandamus is an extraordinary remedy and will not lie if other remedies are available." Lifestar Ambulance Serv. v. United States, 365 F.3d 1293, 1298 (11th Cir.

AO 72A
(Rev.8/82)

2004). This Court's original mandamus jurisdiction extends only to an action "to compel an officer or employee of the United States or any agency thereof [and not an officer or employee of a State agency] to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Accordingly, mandamus relief is not available to Petitioner.[1]

It is possible, however, to construe Petitioner's complaint as one seeking relief pursuant to 42 U.S.C. § 1983 for an alleged due process violation. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because

---

[1] Although the All Writs Act, 28 U.S.C. § 1651, empowers a federal district court to issue "all writs necessary or appropriate in aid of" its "jurisdiction previously acquired on some other independent ground," the Act "creates no jurisdiction" in and of itself. See Brittingham v. Comm'r, 451 F.2d 315, 317 (5th Cir. 1971). As noted below, there is no basis for issuing a writ of mandamus "in aid of" this Court's independently acquired jurisdiction.

AO 72A
(Rev.8/82)

plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

In order to establish a due process violation, a plaintiff must show that he has been deprived of life, liberty, or property without due process of law. Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999). "[A] § 1983 claim alleging a denial of procedural due process [in violation of the Fourteenth Amendment] requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Behrens v. Regier, 422 F.3d 1255, 1259 n.9 (11th Cir. 2005). "Property interests are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Lewis v. Brown, 409 F.3d 1271, 1273 (11th Cir. 2005) (internal quotations omitted).

Based on the foregoing, it does not appear that Petitioner's alleged "property interest" in being credited with time served under house arrest while released on pre-trial bail is protected by the Fourteenth Amendment. Pursuant to Georgia statute, a defendant who has been convicted of a crime "shall be given full credit for *each day spent in confinement* awaiting trial." O.C.G.A. § 17-10-11(a) (emphasis added). "The

clear policy behind O.C.G.A. §§ 17-10-9 through 17-10-12 is that *time spent in incarceration . . . should count toward the time which a prisoner must serve.*" Spann v. Whitworth, 413 S.E.2d 713, 715 (Ga. 1992) (emphasis added). Section 17-10-11

> is consistent with the policy that those who must be *confined in jail* before and after trial, either because they cannot be released on bail or because they have not yet been delivered to the custody of the Department of Corrections, should have credit against their sentence for that period of confinement. That policy, however, has *no application to a defendant who, because of pre-trial bail and post-conviction appeal bond, spends no time in confinement* until commencing service of the sentence.

Id. (Citations omitted.) (Emphasis added.) Petitioner has provided no support under Georgia law for his contention that time spent under "house arrest" while released on bail is the equivalent of time spent in confinement, for purposes of calculating a Georgia prisoner's "time served," and this Court is aware of none.[2]

---

[2] To the extent that the instant action might be construed as one seeking habeas corpus relief, this Court declines to do so in order to avoid the potential pitfalls associated therewith. See Castro v. United States, 540 U.S. 375, 377 (2003). If Petitioner wishes to file a habeas corpus petition upon the dismissal of this action, he may do so. The Court notes, however, that there does not appear to be a federal constitutional right that the time a prisoner spends in pre-sentencing "house arrest" be credited towards the fulfillment of his term of imprisonment. See, e.g., Dawson v. Scott, 50 F.3d 884, 888, 890 n.10, 891 (11th Cir. 1995) (affirming the denial of a 28 U.S.C. § 2241 petition challenging a Bureau of Prisons (BOP) decision not to credit the petitioner, a federal prisoner, with time "in detention" during the period he spent in either a safe house or a halfway house prior to sentencing, and noting the decisions of several circuit courts, including the Eleventh Circuit, that "release stipulations or

Accordingly, this Court finds that Petitioner has failed to state a claim on which relief may be granted. See 28 U.S.C. § 1915A(b)(1). Petitioner's complaint is hereby **DISMISSED**.

**IT IS SO ORDERED** this 1st day of May, 2006.

_____
ROBERT L. VINING, JR.
UNITED STATES DISTRICT JUDGE

---

imposed conditions that do not subject a person to full physical incarceration do not qualify as official detention," and also noting the BOP policy that "[a] condition of bail or bond which is 'highly restrictive,' and that includes '*house arrest*', 'electronic monitoring' or 'home confinement' . . . is not considered as time in official detention") (emphasis added). See also Reno v. Koray, 515 U.S. 50, 65 (1995) (holding that a habeas petitioner's confinement to a "community treatment center while 'released' on bail . . . was not 'official detention' within the meaning of 18 U.S.C. § 3585(b)"); United States v. Edwards, 960 F.2d 278, 280, 282-83 (2nd Cir. 1992) (affirming the denial of sentence credit for time the appellant spent in pre-sentencing house arrest under conditions similar to those Plaintiff alleges herein, i.e., where "the bail release [was] somewhat onerous and [required] that the defendant remain at his home").